865 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas Dwight BENNETT, Plaintiff-Appellant,
v.
James FAULKNER, Donna Faulkner, L. Brooks Patterson, Craig
A. Weier, John Does, Various Employees of Oakland County,
Jane Does, Various Employees of Oakland County, Wilford
Hook, Chief of Police Walled Lake, J. Walker, R. Knapp, John
Does, Law Officers Walled Lake, William Dwyer, Chief-Police
Farmington Hills, John Does, Law Officers Farmington Hills,
Jane Does, Law Officers Farmington Hills, John Does, Law
Officers Oakland County, Jane Does, Law Officers of Oakland
County, Robert Hedges, Defendants-Appellees.
 No. 88-1761.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1988.
 
 Before NATHANIEL R. JONES and BOYCE F. MARTIN, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that the district court on July 6, 1988, entered an order staying Bennett's 42 U.S.C. Secs. 1983 and 1985 civil rights suit pending the resolution of an underlying and ongoing Michigan criminal proceeding in which Bennett was the defendant. See generally Deakins v. Moynahan, 108 S.Ct. 523 (1988); Feaster v. Miksch, 846 F.2d 21 (6th Cir.1988). Bennett appealed from that order on July 20, 1988.
 
 
 3
 This court lacks jurisdiction in the appeal. An order granting a stay of legal proceedings is an interlocutory order which is not automatically appealable under 28 U.S.C. Sec. 1292(a)(1). See Gulfstream Aerospace Corp. v. Mayacamus Corp., 108 S.Ct. 1133, 1142 (1988). The circumstances of this case do not suggest that serious, irreparable consequences will occur absent appellate review. Cf. Gulfstream, 108 S.Ct. at 1142-43. Neither is the order of stay a final order within the meaning of 28 U.S.C. Sec. 1291, in that the litigation is not terminated. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and is hereby dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.